**FILED**

UNITED STATES DISTRICT COURT JUN 1 4 2005

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| JAMES E. KRAL, | \* | CIV. 05-4042 |
| Plaintiff, | \* | |
| vs. | \* | REPORT AND RECOMMENDATION |
| BUREAU OF PRISONS; YANKTON FPC; WARDEN MARTINEZ, in his individual capacity; CAPTAIN HARDBARN, in his individual capacity; LT. WILLIAMS, in his individual capacity; RUTH SMITH, in her individual capacity, | \* | |
| Defendants. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff, an inmate at the FPC in Yankton, S.D. alleges he is being held in segregation at the Yankton County Jail in Yankton, S.D. (Doc. 1). He alleges "Comes now Plaintiff James E. Kral, Pro Se, persuant (sic) to 28 USCA § 1916 in jurisdiction of <u>Admiralty</u> under <u>Article III § 2 cl, 1</u> of the constitutions of 1787 and 1789 of the United States of America." (Underlining in original). He claims in an action in rem "he is in the process of trying to execute and submit a <u>letter of undertaking</u> accompanied by a <u>stipulation</u> to coincide with a <u>Jones Act</u> claim persuant (sic) to <u>46 USCA § 688</u> and the <u>F.E.L.A.</u> applications of the claim in providing surety initiated by the real party in interest for release of the vessel and res." (Underlining in original). He also claims he is "in the process of trying to provide the necessary documentation to correct the Title 18 insurrection through habeas corpus under the <u>War Powers Act of 1933</u> and <u>trading with the enemy act</u>, persuant (sic) to 50 USCA § 7c (sic) and <u>Appx I-X</u>." (Underlining in original).

He alleges the problem he is encountering is primarily with the mail room staff and Ruth Smith who are deliberately sabotaging his mail, which is disappearing and delayed, in a manner which persuades him he is being singled out for the treatment. This problem culminated in his making "untactful comments over the phone and in outgoing correspondence knowing full well defendant Ruth Smith was disecting (sic) every word." As a result he was placed in segregation because "[y]ou are being placed in adminstrative detention for threatening a staff member. Your actions are a serious threat to the security and orderly running of this institution."

He claims his First Amendment rights have been violated as well as his Sixth Amendment due process rights (locked in segregation without access to his legal files and materials, being denied a phone call to an attorney, and being denied access to the courts).

For relief he requests (1) an injunction for immediate release of his legal paperwork and materials in the county segregation unit, (2) "since he has no intention of returning to FPC Yankton due to potential retaliation," he requests competent legal counsel and notary for proper preparation and copying of documents and instruments, and (3) injunctive relief and substantive justice in the enjoyment and exercising of his constitutional rights.

The named defendants are: Bureau of Prisons, Yankton FPC, Warden Martinez, Captain Hardbarn, Lt. Williams, and Ruth Smith, "each in their individual capacities."

The Clerk of Court wrote plaintiff on March 23, 2005, advising him that he would have to pay a filing fee of $250, and that if he could not afford to pay the $250 filing fee in a lump sum, he could ask for in forma pauperis status so he could pay the filing fee in installments. He has not paid the filing fee nor has he filed an application for in forma pauperis status. It is **RECOMMENDED** that his complaint should be dismissed without prejudice for failure to pay the filing fee. Plaintiff

2

is advised that if he re-files the complaint, he should change his allegations so they state a claim upon which relief can be granted under 42 U.S.C. § 1983, and that his § 1983 complaint will be screened under 28 U.S.C. § 1915.

## NOTICE TO PARTIES

The parties have ten (10) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990)
Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

Dated this 14th day of June, 2005.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:

JOSEPH HAAS, CLERK

By: Sharon Lure, Deputy
(SEAL)

3